# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 17-8389 PA (AGRx) | Date | November 17, 2017 |
|---|---|---|---|
| Title | Aimee Doe v. American Airlines, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

  Before the Court is a Notice of Removal filed by defendant American Airlines, Inc. ("Defendant"). In its Notice of Removal, Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiff Aimee Doe ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

  Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

  To invoke this Court's diversity jurisdiction, Defendant must demonstrate that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

  In support of its allegation that the Court possesses diversity jurisdiction, the Notice of Removal alleges:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-8389 PA (AGRx) | Date | November 17, 2017 |
|---|---|---|---|
| Title | Aimee Doe v. American Airlines, Inc., et al. | | |

> Based on information and belief, at the time Plaintiff commenced this action and at the time of removal, Plaintiff was a citizen of the State of California. In her Complaint, Plaintiff states that she is an "individual who resides in the State of California.' (Exhibit A, Complaint, ¶ 1.) Therefore, Plaintiff is a citizen of California.

(Notice of Removal ¶ 9 (citation omitted).) However, a person's residence is not the same as her domicile, so the Complaint's allegations do not establish Plaintiff's citizenship. Kanter, 265 F.3d at 857 ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857. Therefore, the Notice of Removal does not adequately allege the citizenship of Plaintiff, and Defendant has failed to demonstrate that complete diversity exists.

     For the foregoing reasons, Defendant has not met its burden to establish the Court's diversity jurisdiction. Accordingly, the Court remands this action to Los Angeles County Superior Court, Case No. BC677051. See 28 U.S.C. § 1447(c).

     IT IS SO ORDERED.